# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-2195
Filed March 11, 2026

———————————

**In the Interest of A.O. and E.O., Minor Children,**

**R.D., Mother,**
Appellant.

———————————

Appeal from the Iowa District Court for Scott County,
The Honorable Michael E. Motto Jr., Judge.

———————————

**AFFIRMED**

———————————

Barbara E. Maness, Davenport, attorney for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney
General, attorneys for appellee State.

Grishma Arumugam, Davenport, attorney and guardian ad litem for minor
children.

———————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

A mother appeals[1] the termination of her parental rights to two of her children, born in 2016 and 2017. The children were initially adjudicated as in need of assistance following a house fire that killed their maternal grandparents and left both children with burns—the older child suffering severe burns. The fire was determined to have started in the mother's bedroom "where methamphetamine paraphernalia was located." The children were placed with their maternal aunt and uncle, who have diligently cared for the older child's medical needs and ensure that both have access to mental-health counseling. The mother argues termination is not in the children's best interests and, alternatively, that a guardianship should be established in lieu of termination. We affirm.

We review termination-of-parental-rights proceedings de novo. *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re C.Z.*, 956 N.W.2d 113, 120 (Iowa 2021) (citation omitted). Our primary concern is the child's best interests. *J.C.*, 857 N.W.2d at 500.

We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child" when deciding whether termination of parental rights is in the child's best interest. Iowa Code § 232.116(2) (2025). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn

---

[1] The father's parental rights were also terminated, and he does not appeal.

to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (citation omitted). Yet under section 232.117(5), we may continue placement for six months pursuant to section 232.104(2)(b) if the need for removal will no longer exist at the end of the extension.

Contending termination is not in the children's best interests, the mother seeks additional time towards reunification.[2] The mother provides limited argument on this issue, arguing that

> the State failed to prove that termination is in the long term best interests of the children or that reunification could not occur within a reasonable time given [the mother's] participation in mental health treatment now commenced. Information from the children's therapist concerning their response to the trauma of the fire, loss of family members and separation from their mother was notably sparse. The mother believes that long term healing of the children will require contact with her.
>
> . . . .
>
> . . . In this case, [the mother]'s testimony documents her physical and mental trauma and the dysfunctional communication between herself and her sister and the [Iowa Department of Health and Human Services] staff. Evidence as to how long her mental health rehabilitation will take and any description of a process to repair the disrupted bond with her daughters was lacking in the information presented to the Court.

---

[2] The mother alternatively requests that the exception to termination under section 232.116(3)(a) be applied as well as a guardianship be established. Not only is guardianship "not a legally preferable alternative to termination," *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017), the exception to termination under section 232.116(3)(a) is only available if "[a] relative has *legal custody* of the child[ren]." (Emphasis added.) At the time of the termination hearing, the children were in the department's legal custody and *placed* with a relative. Thus, the exception under section 232.116(3)(a) does not apply here, and we decline to establish a guardianship because termination is in the children's best interests. *See* Iowa Code § 232.104(4).

As the juvenile court noted in its well-reasoned order, the children "have all of their basic, educational, and medical needs met. They 'are thriving' and 'have a strong bond' with [their aunt and uncle]. . . . The girls are doing well in school, participate in dance lessons, and [the older child] plans to attend summer camp. They both attend therapy." Additionally, the children's aunt and uncle have arranged for the older child to attend a "burn camp" with other burn-victim children which she enjoyed "very much." Further medical procedures have been scheduled to address the older child's burn scarring.

The mother's rosy depiction of her own progress was directly contradicted by the testimony of the department's case manager at the October–November 2025 termination hearing. The case manager confirmed that the mother has no-showed to all scheduled drug tests despite admitting to struggling with methamphetamine use throughout the years and testing positive as recently as 2024. She has not followed through with department drug testing, programming, or substance-use treatment, despite being offered transportation. And critically, the mother has not visited the children since October 2024, testifying that the visits were not "reasonable" and did not give her opportunity to participate. The mother—who has been unemployed for the entirety of this case—also claimed she was not given enough notice to arrange for attending visits.

We understand that the mother also suffered injuries in the house fire. We have no doubt that this makes the substance-treatment road all the more arduous for her. But her inability to address that substance use in any way demonstrates the troubles she will encounter in attempting to raise her children who also suffer from demanding medical and mental-health needs following their burn injuries and loss of their live-in grandparents. The

mother has shown no possibility that she will be on a path towards rehabilitation in six months—let alone be able to resume care. Termination is in the children's best interests.

**AFFIRMED.**